UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

ACTION NO:12-CR-118-KKC                                            ELECTRONICALLY FILED

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**VS.**

**IBRAHIMSHAH SHAHULHAMEED**                                                      **DEFENDANT**

**PROPOSED JURY INSTRUCTIONS**

\*\*\*\*\*\*\*\*\*\*

Comes the Defendant, by and through counsel, and hereby submits the following proposed jury instructions for the Court's consideration.

          Respectfully Submitted,

          ANGGELIS & GORDON, PLLC
          231 Lexington Avenue
          Lexington, KY 40508
          (859) 255-7761


          BY: /S/ RACHEL D. YAVELAK
             231 Lexington Avenue
             Lexington, KY 40508
             (859) 255-7761

          AND


          BY:/S/ DEREK G. GORDON
             231 Lexington Avenue
             Lexington, KY 40508
             (859) 255-7761

## CERTIFICATE

I do hereby certify that I filed the foregoing with the Clerk of Court on the 24th day of January 24, 2014 using the CM/ECF system which will send electronic notice of same to the Hon. Andrew Boone.

/s/ Rachel D. Yavelak

## COMPUTER FRAUD -TRANSMISSION OF PROGRAM TO CAUSE DAMAGE TO A COMPUTER (18 U.S.C. § 1030(a)(5)(A))

The crime of transmission of a program to cause damage to a computer, as charged in Count I of the Indictment, has three essential elements, which are:

*One*, the defendant knowingly caused the transmission of a command to a protected computer, and

*Two,* the defendant, as a result of such conduct, intentionally caused damage to a protected computer without authorization, and

*Three*, the defendant's actions caused loss resulting from a related course of conduct affecting one or more other protected computers of an aggregate value of $5,000.00 or more.

For you to find the defendant guilty of this crime, you must find that the Government has proven each and every element of this crime beyond a reasonable doubt. If you determine that the Government has not proven each and every element of this crime beyond a reasonable doubt then you must find the defendant not guilty.

You are further instructed regarding the crime charged in Count I of the Indictment that the following definitions apply:

**(1) Computer**

The term "computer," as used in this Instruction means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.][2]

**(2) Protected Computer**

The phrase "protected computer," as used in this Instruction means a computer which is used in or affecting interstate or foreign commerce

**(3) Damage**

The term "damage," as used in this Instruction means any impairment to the integrity or availability of data, a program, a system, or information.

**(4) Loss**

The term "loss," as used in this Instruction means any reasonable cost of responding to an offense, conducting a damage assessment, and restoring of data, a program, system, or information to its condition prior to the offense and any revenue lost, cost incurred, or other damages incurred because of interruption of service.

Eighth Circuit Pattern Jury Instruction 6.18.1030E and 6.18.1030I

## JURORS' DUTIES

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.]

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Sixth Circuit Pattern Jury Instruction 1.02

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1) As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are

convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Sixth Circuit Pattern Jury Instruction 1.03

CONSIDERATION OF EVIDENCE

(1) You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.


Sixth Circuit Pattern Jury Instruction 1.05

## CREDIBILITY OF WITNESSES

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Sixth Circuit Pattern Jury Instruction 1.07

## NUMBER OF WITNESSES

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Sixth Circuit Pattern Jury Instruction 1.08

## INTRODUCTION

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment and the lesser charge that I will explain to you. Your job is limited to deciding whether the government has proved the crime charged or the lesser charge.

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Sixth Circuit Pattern Jury Instruction 2.01

## INFERRING REQUIRED MENTAL STATE

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Sixth Circuit Pattern Jury Instruction 2.08

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

(1) A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Sixth Circuit Pattern Jury Instruction 7.02A

>Respectfully Submitted,
>ANGGELIS & GORDON, PLLC
>231 Lexington Avenue
>Lexington, KY 40508
>(859) 255-7761
>
>BY: /s/ Rachel D. Yavelak

## CERTIFICATE

I do hereby certify that I filed the foregoing with the Clerk of Court on the 24th day of January 2014 using the CM/ECF system which will send electronic notice of same to the Hon. Andy Boone.

>/s/ Rachel D. Yavelak